ANN WALSH BRADLEY, J.
¶ 46. {concurring). I agree with the per curiam opinion but write separately to clarify it. I do not read the opinion to mean, nor should it be interpreted to indicate, that Attorney *475 Mandelman will never again be admitted to the practice of law. Rather, the record does not support readmission at this time.
¶ 47. Although Attorney Mandelman has accepted responsibility for his misconduct, the mitigating effect of his acceptance of responsibility is viewed in relation to his extensive disciplinary history along with the number of counts and the nature of his misconduct.
¶ 48. The referee found that Attorney Mandelman's conduct since revocation has been exemplary and above reproach. Specifically, he complied with the terms of his suspension and revocation orders, maintained competence and learning in the law, managed to satisfy his tax obligations, disengaged from the debt of his office building, maintained the mortgage of his home, and addressed any known civil judgments.
¶ 49. Because the August 1, 2014 order revoking his license to practice law was made retroactive in application, there were a mere four days between the order and the filing of his August 5, 2014 petition for reinstatement. Attorney Mandelman's petition would be more persuasive if he could demonstrate an enlarged period of exemplary behavior combined with evidence of responsibility in employment other than as a student, together with responsibility in managing his debt.
¶ 50. Accordingly, I respectfully concur.